IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 4 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09CV02752 BnB

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

JERRY MASKE,

    Applicant,

v.

ROBERT MURPHY,

    Respondent.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION
AND DISMISSING THE ACTION

---

This matter is before the Court on the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that Applicant Jerry Maske, acting *pro se*, submitted to this Court on November 5, 2009. The Clerk of the Court will be directed to commence a civil action, The action, however, will be dismissed for the following reasons.

Mr. Maske has demonstrated an inability to assert cognizable claims in the majority of the forty-seven previous actions he has filed with this Court.[1]

---

[1] *Maske v. City of Aurora, et al.*, No. 09-cv-02342-BNB (D. Colo. filed Sept. 30, 2009) (pending); *Maske v. Arapahoe County, et al.*, No. 09-cv-02341-BNB (D. Colo. filed Sept. 30, 2009) (pending); *Maske v. City and County of Denver, et al.*, No. 09-cv-02340-BNB (D. Colo. filed Sept. 30, 2009) (pending); *Maske v. FBI Denver*, No. 09-cv-02222-ZLW (D. Colo. Oct. 2, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Estrada, et*

*al.*, No. 09-cv-02191-ZLW (D. Colo. Sept. 24, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Murphy, et al.***, No. 09-cv-02190-ZLW (D. Colo. Sept. 24, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Estrada, et al.***, No. 09-cv-02189-ZLW (D. Colo. Sept. 24, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Chappell, et al.***, No. 09-cv-02188-ZLW (D. Colo. Sept. 24, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Supreme Court of Colo., et al.***, No. 09-cv-02187-ZLW (D. Colo. Oct. 1, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Murphy, et al.***, No. 09-cv-02165-ZLW (D. Colo. Oct. 2, 2009) (voluntary dismissal); ***Maske v. Chappell, et al.***, No. 09-cv-02164-ZLW (D. Colo. Oct. 2, 2009) (voluntary dismissal); ***Maske v. Estrada, et al.***, No. 09-cv-02163-ZLW (D. Colo. Oct. 2, 2009) (voluntary dismissal); ***Maske v. Estrada, et al.***, No. 09-cv-02162-ZLW (D. Colo. Oct. 2, 2009) (voluntary dismissal); ***Maske v. Aurora Police Dep't, et al.***, No. 09-cv-01897-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. City and County of Denver***, No. 09-cv-01806-ZLW (D. Colo. Sept. 3, 2009) (dismissed as repetitive); ***Maske v. IBM Corp.***, No. 09-cv-01805-ZLW (D. Colo. Nov. 5, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and filing sanction entered); ***Maske v. IBM***, No. 09-cv-01804-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Arapahoe County, et al.***, No. 09-cv-01803-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Peters Law Firm***, No. 09-cv-01778-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. City of Aurora Probation Dep't, et al.***, No. 09-cv-01777-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Arapahoe County Probation Dep't, et al.***, No. 09-cv-01776-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Wilks***, No. 09-cv-01775-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Mathys***, No. 09-cv-01774-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. FBI Denver***, No. 09-cv-01773-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Arapahoe County***, No. 09-cv-01772-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Aurora Municipal Court***, No. 09-cv-01771-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. City and County of Denver, et al.***, No. 09-cv-01770-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Arapahoe County Office of the Clerk and Recorder***, No. 09-cv-01769-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); ***Maske v. Estrada, et al.***, No. 09-cv-01757-ZLW (D. Colo. Aug. 12, 2009) (28 U.S.C. § 2254 action dismissed for failure to exhaust); ***Maske v. Robert Murphy, et al.***, No. 09-cv-01756-ZLW (D. Colo. Aug.12, 2009) (28 U.S.C. § 2254 action dismissed for failure to exhaust); ***Maske v. Chappell, et al.***, No. 09-cv-01755-ZLW (D. Colo. Aug. 12, 2009) (28 U.S.C. § 2254 action dismissed for failure to exhaust); ***Maske v. Arapahoe County***, No. 09-CV-01627-ZLW (D. Colo. July 16, 2009) (dismissed pursuant to ***Heck v. Humphrey***, 512 U.S. 477 (1994)); ***Maske v. Arapahoe County***, No. 09-cv-01572-ZLW (D. Colo. July 16, 2009) (voluntary dismissal); ***Maske v. IBM Corp.***, No. 09-cv-01344-ZLW (D. Colo. June 18, 2009) (voluntary dismissal); ***Maske v. Arapahoe County***, No. 09-cv-01236-ZLW (D. Colo. June 15, 2009) (dismissed pursuant to ***Heck v. Humphrey***, 512 U.S. 477 (1994)); ***Maske v. Mathys***, No. 09-cv-01235-ZLW (D. Colo. July 16 , 2009) (dismissed pursuant Fed. R. Civ. P. 12(h)(3)); ***Maske v. Peters Law Firm***, No. 09-cv-01234-ZLW (D. Colo. July 16, 2009) (dismissed pursuant Fed. R. Civ. P. 12(h)(3)); ***Maske v. Wilks***, No. 09-cv-01233-ZLW (D. Colo. July 15,

Each of the first seven cases that Mr. Maske filed with this Court, including Case Nos. 09-cv-00579 through 00585, were dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Even though the Court afforded Mr. Maske the opportunity to submit an amended pleading in the first seven complaints, the amended pleading still failed to comply with Rule 8. Because Mr. Maske has proven he is not able to submit an action to this Court that sets forth cognizable claims, in **Maske v. IBM Corp.**, No. 09-cv-01805-ZLW (D. Colo. Nov. 5, 2009), Mr. Maske was enjoined from proceeding as a proponent of any claim in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this Court, unless he first obtains leave of this Court to proceed *pro se*.

The Application Mr. Maske has submitted in the instant action fails to comply with the pleading requirements of Fed. R. Civ. P. 8(a). The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a

---

2009) (dismissed pursuant Fed. R. Civ. P. 12(h)(3)); **Maske v. City and County of Denver**, No. 09-cv-01232-ZLW (D. Colo. July 15, 2009) (dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)); **Maske v. Arapahoe County Office of Clerk and Recorder**, No. 09-CV-01231-ZLW (D. Colo. July 16, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); **Maske v. Wilks**, No. 09-cv-00585-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); **Maske v. Peters Law Firm**, No. 09-cv-00584-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); **Maske v. Mathys**, No. 09-cv-00583-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); **Maske v. City and County of Denver, et al.**, No. 09-cv-00582-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); **Maske v. IBM Corp.**, No. 09-cv-00581-ZLW (D. Colo. May 22, 2009) (voluntary dismissal); **Maske v. Arapahoe County Office of the Clerk and Recorder**, No. 09-cv-00580-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); **Maske v. Arapahoe County**, No. 09-cv-00579-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8).

pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Maske go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Maske must allege on the Court-approved form both the claims he seeks to raise and the specific facts to support each asserted claim. The Court has reviewed the Application submitted to the Court on November 5, 2009, and finds that it is deficient. Mr. Maske fails to assert on Pages Five and Six the claims that he intends to raise in this Court. Even if the Court were to consider the claims that he allegedly raised in a direct appeal in state court, which are asserted on Page Three of the application form, the claims are no more than naked allegations of constitutional violations devoid of factual support.

A decision to dismiss a pleading pursuant to Fed. R. Civ. P. 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). Usually the Court allows an applicant an opportunity to file an amended application and attempt to comply with Rule 8. Nonetheless, the Court previously in **Maske v. Chappell, et al.**, No. 09-cv-02164-ZLW, Doc. No. 4 (D. Colo. Sept. 22, 2009), instructed Mr. Maske that in a habeas action he must assert on the Court-approved

form both the claims he seeks to raise and the specific facts to support each asserted claim. Even though Mr. Maske has been instructed on the proper manner in which to present habeas claims to this Court, he still is unable to comply with the requirements of Fed. R. Civ. P. 8.

Most recently, Mr. Maske sent a letter of apology to the Court in Case No. 09-cv-01805-ZLW, in which he stated that he understood the Court's concern with the number of cases he had filed with the Court, but many of the filings he submitted to the Court were a "learning curb," and he does not have the funds to hire an attorney due to his disability. **Maske v. IBM**, No. 09-cv-01805-ZLW at Doc. No. 7. Mr. Maske further stated that in the future he would file only "pleadings that have merit." *Id.*

As stated above, Mr. Maske was informed in Case No. 09-cv-02164-ZLW of the correct manner in which to present his claims to the Court in a habeas application. Yet again, in the instant action, he chose to ignore the Court's directive and file another habeas action that fails to comply with Fed. R. Civ. P. 8. The Court, therefore, will dismiss the instant action pursuant to Rule 8.

In keeping with the sanction imposed in Case No. 09-cv-01805-ZLW, in the future, Mr. Maske must obtain permission to proceed *pro se* by taking the following steps:

> 1. File a petition with the Clerk of this Court requesting leave to file a *pro se* proceeding;
>
> 2. Include in the petition the following information:
>
>> A. A list of all lawsuits currently pending or filed previously with this Court, including the name, number, and citation, if applicable, of each

case, and the current status or disposition of each proceeding;

B. A list apprising this Court of all outstanding injunctions or orders limiting Mr. Maske's access to federal court, including orders and injunctions requiring him to seek leave to file matters *pro se* or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3. A notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal issues. The affidavit also must certify, to the best of Mr. Maske's knowledge, that the legal arguments being raised are not frivolous or repetitive of legal arguments he previously presented to the Court, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that he will comply with all federal and local rules of this Court.

The above described documents shall be submitted to the Clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C., and as set forth in Case No. 09-cv-01805-ZLW, to determine whether to permit a *pro se* proceeding. Without the designated judicial officer's approval, the matter will be dismissed. If the designated judicial officer approves the filing, an order shall be entered indicating that the case shall proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado. Accordingly, it is

ORDERED that the Clerk of the Court is directed to commence a civil action. It is

FURTHER ORDERED that the Application is denied and the action is dismissed for failure to comply with Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 23 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09CV02752

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/24/09.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk